## CHAVEAUX ET AL. *vs.* HAGAN ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A creditor of several debtors *in solido*, who has received a dividend from the estate of one of them, can only claim from the estate of the others the amount due, after deducting the payment made.

The principle laid down in the case of *Armor* vs. *his Creditors*, 2d *Lou. Reports*, 376, affirmed in this case.

Martin, J., delivered the opinion of the court.

The same individuals having been appointed syndics of the creditors of each of these insolvents, and by deliberations of the creditors of each estate respectively, it was directed that the purchasers at the sale might pay such a proportion of their respective bids, as the syndics might agree to, in notes of the insolvents, or notes endorsed by them respectively, giving bonds, with security, to refund, in case the dividends that might be declared on such notes should be less than the sum thus accepted by the syndics, in discharge of the price of property thus purchased. The defendants were the

36

EASTERN DIS.
August, 1832.

CHAVEVUX
ET AL.
vs.
HAGAN ET AL.

sureties of Hall, a purchaser, being bound jointly and severally with their principal; and the plaintiffs are appellants from the judgement, which settled the amount of the defendant's responsibility.

The plaintiffs contended that Hall had paid for his purchases in notes, on which each of the insolvents was bound, either as drawer or endorser...........................................$15,610 00
On which his dividend amounted to...................  2,799 87

Leaving a balance of....................................... 12,810 13
Which was to be carried to the debit of Rellieux's account, and to which was added the amount of the notes of Rellieux paid in by Hall, *i. e.* 34,640 00

47,450 13

Allowing Hall credit for a dividend declared on Rellieux's estate of 66,1 0 per cent. amounting to   31,323 77
Adding thereto the dividend on Chaveaux's estate,  2,799 87

34,123 64
Judgement was therefore claimed for..................  6,076 36

Hall's purchases amounting to ....................... $40,200 00

The plaintiffs, therefore, complained of the judgement, which was for four thousand four hundred and forty dollars and forty-two cents.

The defendants contended that their principal ought to ·have been placed on the tableau of Rellieux's estate for the whole amount of the notes on which the insolvents' names appear, *i. e.* fifteen thousand six hundred and ten dollars, without any deduction of the dividend allowed him by Chaveaux's syndics. These pretensions are resisted by the plaintiffs, because the matter is *res judicata*, the tableau having been homologated, and on the merits they rely on our decision in the case of *Armor* vs. *his Creditors*, 2d *Lou. Rep.* 376.

The counsel for the defendants has replied that the plea of *res judicata*, cannot be opposed to them. They covenanted with the syndics that their principal or they, should pay whatever deficiency would really exist: they were not parties to the proceedings of either of the insolvents against his creditors respectively. The tableaus, therefore, are not binding on them, and if these were not regularly made out, they are at the risk of the syndics.

It is useless to examine the objection on the ground of *res judicata*. This case cannot be distinguished from that of *Armor* vs. *his Creditors*, above cited. The dividend paid by the syndics of Chaveaux must avail the creditors of Rellieux, because it extinguished part of these insolvents' debts.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, and that there be judgement for the plaintiffs for the sum of six thousand and seventy-six dollars and thirty-six cents, with interest from the judicial demand, with costs in both courts.

*Mazureau*, for appellants.   *Pierce*, for appellees.